# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CALVIN NASH, <br><br> Defendant. | Case No. 19-CR-120-2-JPS <br><br> **ORDER** |

In July 2019, the Grand Jury returned an indictment in which it charged Defendant Calvin Nash ("Defendant") with one count of conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (hereinafter, "Count One"). (Docket #1 at 1–2). In November 2019, this Court issued a trial scheduling order and instructed Defendant that if he wished to "remain eligible for acceptance of responsibility credit under applicable United States Sentencing Guidelines," he must file a written plea agreement "not later than the close of business on Monday, December 12, 2019." (Docket #212 at 6). On December 11, 2019, Defendant and his counsel at that time, Jeffrey Jensen, signed a plea agreement, in which Defendant pleaded guilty to Count One. (Docket #232). The parties filed this plea agreement with the Court the following day. The Court referred this case to Magistrate Judge William E. Duffin for a plea colloquy. *See* Fed. R. Crim. P. 11.

At the December 19, 2019 plea colloquy, the magistrate determined that Defendant was competent to enter a guilty plea. (Docket #270). Further, after cautioning and examining Defendant under oath, the magistrate

determined that Defendant's plea was "knowing and voluntary," and "that the offense charged is supported by an independent factual basis containing the essential elements of such offense." (Docket #271 at 1). Because neither party filed objections to the magistrate's findings, this Court adopted his Report and Recommendation as to Defendant's guilty plea. (Docket #285).

In April 2020, Attorney Jensen filed a motion to withdraw as counsel, in which he represented that Defendant terminated him and directed him to withdraw. (Docket #341). Nearly four months later, Defendant wrote to this Court seeking to withdraw his plea. (Docket #351). In support of his request, Defendant claims that neither Attorney Jensen nor the Government consulted him as to what he wanted for the plea. (*Id.*) He avers that he was rushed and that Attorney Jensen was not helpful to him. (*Id.*) Further, he states that he cannot read well and that Attorney Jensen did not help him read his plea agreement word-for-word. (*Id.*) Approximately one month later, Defendant filed another motion to withdraw his plea agreement, claiming that he was misled and that Attorney Jensen did not read the agreement to him "clearly." (Docket #372 at 1).

This Court held an in-person hearing as to Defendant's motions and, ultimately, referred them to Magistrate Judge Duffin. (Docket #383, #392). The magistrate granted Defendant's request for new counsel and instructed Defendant to speak to his new counsel about withdrawing his guilty plea. (Docket #396). Thereafter, Defendant was represented by Attorney Susan Karaskiewicz. (Docket #398). However, approximately four months later, Attorney Karaskiewicz filed a motion to withdraw as counsel because Defendant had asked her to do so. (Docket #429). At a hearing before the magistrate, Defendant represented that his family would attempt to retain

private counsel for him. (Docket #430). The magistrate approved Attorney Karaskiewicz's motion and indicated that it would appoint counsel for Defendant while his family sought retain private counsel. (*Id.* at 2). Thereafter, Attorney Thomas Hayes appeared for Defendant. (Docket #431).

After Attorney Hayes entered his appearance on Defendant's behalf, Magistrate Judge Duffin scheduled a hearing as to Defendant's pro se motions to withdraw his guilty plea. At this hearing, Defendant stated that his family was still looking into retaining private counsel. (Docket #490 at 2). Regarding his pro se motions to withdraw his guilty plea, Defendant again stated that his first attorney rushed him into accepting the plea and that he is aware that his co-defendants have been "getting shorter sentences." (*Id.*) Defendant stated that he did not want to discuss his motions to withdraw his guilty plea and he intended that Mr. Hayes would represent him until his family could find him a lawyer. (*Id.* at 3). Notably, Attorney Hayes was not prepared to argue Defendant's pro se motion to withdraw his guilty plea because, up until that morning, it was his understanding that Defendant was terminating him as counsel. (*Id.* at 1, 3). Hesitant to dismiss Defendant's pro se motion to withdraw his guilty plea outright, the magistrate ordered Attorney Hayes to file a supplemental motion as to Defendant's pro se motions by October 6, 2021. (*Id.* at 4). However, on October 6, 2021, Defendant's counsel was unable to advise the magistrate as to whether Defendant intended to withdraw his plea. (Docket #502).

Now before the Court is the magistrate's Recommendation and Order ("Recommendation") that this Court deny Defendant's pro se motions to withdraw his guilty plea. (Docket #503, 504). For the reasons

explained in the balance of this Order, the Court will adopt the magistrate's Recommendation.

First, the magistrate explained that Defendant's pro se motions for withdrawal of his guilty plea are improper because he was represented by counsel. (Docket #503 at 3–4). The magistrate made clear that courts will not accept such "hybrid representation." (*Id.* at 3); *United States v. Cross*, 962 F.3d 892, 899 (7th Cir. 2020) (citation omitted) (noting that courts have wide discretion to reject pro se submissions by represented defendants because "[a] defendant does not have a right to represent himself when he is also represented by counsel."). Defendant informed the magistrate that he wanted Attorney Hayes to continue representing him until his family could hire counsel for him. (*See* Docket #490 at 3). Therefore, the magistrate instructed Attorney Hayes to supplement Defendant's pro se motions to withdraw his guilty plea. (*Id.* at 4). As discussed, Attorney Hayes was unable to supplement Defendant's pro se motions. (Docket #502). Based on the foregoing, the magistrate reasoned that Defendant's pro se motions to withdraw his guilty plea were improper as long as Defendant was represented. The Court agrees.

Nevertheless, the magistrate explained that even if Defendant's motions were properly before the Court, Defendant's motions to withdraw his guilty pleas are without merit. (Docket #503 at 4). As stated in the magistrate's Recommendation, pursuant to Rule 11(d)(2)(B), a defendant may withdraw a guilty plea after the court accepts it, but before sentencing, if "the defendant can show a fair and just reason for requesting withdrawal." The Seventh Circuit has made clear that "[o]nly a few grounds merit this relief: where the defendant shows actual innocence, and where the guilty plea was not knowing and voluntary." *United States v.*

*Brown*, 973 F.3d 667, 715 (7th Cir. 2020) (internal quotations and citation omitted). Notably, "[o]nce a proper Rule 11 colloquy has taken place, the 'fair and just' escape hatch is narrow." *United States v. Collins*, 796 F.3d 829, 835 (7th Cir. 2015) (internal quotations and citation omitted). Further, a defendant is not entitled to a hearing solely because he moves to withdraw his guilty plea. *Id.* at 834. Moreover, the Court may, within its discretion, reject the defendant's motion "out of hand" if the defendant's motion "is premised on [his] untruthfulness during plea proceedings." *Id.* Additionally, "[a] defendant who contends that his guilty plea was not knowing and intelligent because of his lawyer's erroneous advice must show that the advice was not within the range of competence demanded of attorneys in criminal cases." *Brown*, 973 F.3d at 715 (quoting *United States v. Trussel*, 961 F.2D 685, 690 (7th Cir. 1992)). And "[i]f the [defendant's] allegations advanced in support of the motion are conclusory or unreliable, the motion may be summarily denied." *Id.* (quoting *Collins*, 796 F.3d at 834).

In the Recommendation, Magistrate Judge Duffin notes that Defendant does not claim to be innocent. (Docket #503 at 5). Rather, Defendant contends that, in light of Attorney Jensen's alleged failure to explain the plea agreement to him, Defendant would like to take the agreement back in hopes of obtaining a better plea. (Docket #351 at 1). However, Defendant has not provided any support for his contention that he could now obtain a more favorable plea agreement. (*See* Docket #503 at 5). In fact, at the motion hearing before the magistrate, the Government described Defendant's tactics as "strategic gamesmanship . . . to get a better plea agreement," and asserted that there was "no basis in the motion for withdrawal." (Docket #490 at 3). Such representations undercut

Defendant's belief that the Government is amenable to working with Defendant to draft a more favorable plea agreement.

As to Defendant's contentions that Attorney Jensen rushed him to sign the plea, the Court agrees that this argument is without merit. Attorney Jensen sent Defendant a letter on November 20, 2019, regarding Defendant's ability to receive credit for accepting responsibility if Defendant signed a plea agreement on or before December 12, 2019. (*Id.* at 6; Docket #351-1 at 1). Attorney Jensen then informed Defendant that he could not advise Defendant how to proceed because the Government had not yet tendered a proposed plea agreement to Attorney Jensen. (*Id.*) Attorney Jensen was reiterating the Court's plea deadline, as well as other deadlines, to the Defendant. It is unclear how Attorney Jensen's letter, which conveyed Court-imposed dates and deadlines, pressured Defendant to accept a plea agreement that was not yet in existence.

Moreover, this Court noted that "some very specific conferences between" Attorney Jensen and Defendant, as well as between Attorney Jensen and the Government "belied" Defendant's assertions that he was "pressured and didn't have enough time to consider the ramifications of pleading guilty." (Docket #393 at 5–6). The Court explained to Defendant that there was evidence that Attorney Jensen reviewed the Government's first draft of the plea agreement on December 9, 2019, after Attorney Jensen spoke with Defendant for ten to fifteen minutes. (*Id.* at 6). After receiving the second plea agreement, Attorney Jensen spent over two hours with Defendant at Dodge Correctional Facility to review the plea agreement, which Defendant signed that day. (*Id.*)

Magistrate Judge Duffin also characterized Defendant's assertions that he did not understand his plea agreement and that Attorney Jensen

Page 6 of 8
Case 2:19-cr-00120-JPS   Filed 10/29/21   Page 6 of 8   Document 514

was ineffective as both "conclusory and contradicted by [Defendant's] sworn statements at his change of plea hearing." (Docket #503 at 7). "When a defendant makes representations at a plea hearing, those representations are entitled to a presumption of verity." *Collins*, 796 F.3d at 834. After noting that Defendant failed to provide details, explanation, or support for such allegations, the magistrate added that he had "reviewed notes from the plea hearing to confirm [his] recollection of the proceedings." (Docket #503 at 6). Magistrate Judge Duffin's review confirmed that the plea colloquy "was consistent with the court's standard practices," and during the hearing Defendant "confirmed that he was satisfied with counsel's representations, he had had the opportunity to read and discuss the plea agreement with counsel, and he was pleading guilty because he was guilty and not because of any threat or promise." (*Id.*) Further, at the plea colloquy, Defendant claimed to understand the elements of the offense and did not have any questions for the court. (*Id.* at 7). With regard to Attachment A of the plea agreement, which Defendant now takes issue with, (*see* Docket #351 at 1, #351–1 at 3), Defendant stated that he had read that portion of the plea agreement "a thousand times." (Docket #503 at 7). The Court agrees with the magistrate's determination that Defendant's statements in his pro se motions are conclusory and unreliable, as well as lacking substantial evidence sufficient to undermine Defendant's guilty plea.

Finally, Magistrate Judge Duffin made clear that the parties had the opportunity to object to his Recommendation that this Court deny Defendant's motions. (Docket #503 at 8). Notably, Defendant has not objected to the Recommendation and his time to do so has expired. 28 U.S.C. § 636(b)(1); Fed. R. Crim P. 59(b)(2). Based on the foregoing, the Court will adopt Magistrate Judge Duffin's Recommendation and deny

Defendant's motions to withdraw his guilty plea. The Court will also order counsel for the parties to jointly contact the Court's chambers to schedule a sentencing hearing for Defendant.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Duffin's Report and Recommendation (Docket #503) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendant's pro se motions to withdraw his guilty plea (Docket #351, #372) be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that counsel for the parties must jointly contact the Court's chambers to schedule a sentencing hearing for Defendant.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge